UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EDDIE S. SANDERS. et al.,      :
                               :   NO. 1:04-CV-00022
        Plaintiffs,            :
                               :   **OPINION AND ORDER**
                               :
    v.                         :
                               :
                               :
UNITED STATES OF AMERICA       :
                               :
        Defendant.             :

        This matter is before the Court on the Motion of
Plaintiffs, Eddie S. Sanders, Christine W. Sanders, and Eddie S.
Sanders as Guardian of Joshua S. Sanders (hereinafter collectively
"Plaintiffs") for Partial Summary Judgment on Issue of Liability
(doc. 27) and the Government's Response thereto (doc. 34).

**FACTS**

        The facts of this case are uncontroverted.  On May
11, 2002, Eddie S. Sanders (hereinafter "Sanders") was driving a
2002 Dodge Durango southbound on U.S. Route 42 in Warren County,
Ohio (doc. 27).  Sean O. Kissee (hereinafter "Kissee") was driving
a U.S. Army truck and as Sanders approached the Columbia Road
railroad crossing on U.S. Route 42 he was hit by the Army truck
drove by Kissee (Id.).  Kissee was acting within the course and
scope of his duties as an employee of the U.S. Army (Id.).  Kissee
crossed the center line of the highway from the northbound land and
collided with Sanders' vehicle (Id.).  Ultimately, the Army truck

flipped over and landed on top of Sanders' vehicle and then struck a second vehicle (Id.). A third vehicle then collided with the Army truck (Id.).

Sanders' vehicle did not leave the southbound lane of travel on U.S. Route 42 (Id.). The police officer who compiled the accident report as well as several witnesses who provided statements maintained that Kissee caused the accident (Id.). The undisputed cause of the accident was Kissee's failure to control the Army truck which caused the truck to cross over the center line of U.S. Route 42, colliding with Sanders' truck (Id.). Kissee was cited by the Ohio State Highway Patrol for violating Ohio Revised Code § 4511.202 in that he failed to reasonably control the Army truck during its operation (Id.). Kissee was subsequently found guilty of said charge (Id.). An Army investigation also concluded that Kissee's mishandling of the truck was the cause of the accident (Id.). The Court notes that the Government in its Response does not dispute these facts (doc. 34).

**APPLICABLE LEGAL STANDARD**

The narrow question that this Court must decide on a motion for summary judgment is whether there exists a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Supreme Court elaborated upon the appropriate standard in deciding a motion for summary judgment as follows:

-2-

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case.  Id. at 321; Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1992); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).  If the moving party meets this burden, then the non-moving party "must set forth specific facts showing there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); see Guarino, 980 F.2d at 405.

As the Supreme Court stated in Celotex, the non-moving party must "designate" specific facts showing there is a genuine issue for trial.  Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405.  Although the burden might not require the non-moving party to "designate" facts by citing page numbers, "'the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies.'"  Guarino, 980 F.2d at 405 (quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989), cert. denied, 494 U.S. 1091 (1990).

Summary judgment is not appropriate if the evidence

-3-

is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Conclusory allegations, however, are not sufficient to defeat a motion for summary judgment.  McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990).  Furthermore, the fact that the non-moving party fails to respond does not lessen the burden on the moving party or the court to demonstrate that summary judgment is appropriate.  Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir. 1991).

**ANALYSIS**

The Federal Tort Claims Act, 28 U.S.C. § 2674-2675, provides that the United States shall be liable upon a tort claim for money damages, in the same manner and to the same extent as a private individual under like circumstances, for injury or loss of property or personal injury or death caused by the negligence of any employee of the United States Government while acting within the scope of that employee's employment.  28 U.S.C. § 2674-2675.  There is no dispute that Kissee was involved in his employment as a Government employee when he caused the above detailed accident.  As such, the Plaintiff maintains that there is no genuine issue of material fact as to Defendant's vicarious liability for injuries or loss proximately caused by the negligence of Kissee and suffered by the Plaintiffs (doc. 27).

The Plaintiffs aptly note that in order for them to

-4-

prevail on their negligence action, they must prove that "the defendant breached a duty owed to the plaintiff and that the breach was the proximate cause of plaintiff's injuries." <u>Spence v. Oberlin Laundry & Dry Cleaners, Inc.</u>, 1998 WL 696849, at *2 (Ohio Ct. App. Oct. 7, 1998); <u>Menifee v. Ohio Welding Prods. Inc.</u>, 472 N.E.2d 707, 710 (Ohio 1984).  The existence of a duty is a question of law for the court to determine. <u>Mussivand v. David</u>, 544 N.E.2d 265, 270 (Ohio 1989).  Proximate cause arises "where an original act is wrongful or negligent and in a natural and continuous sequence produces a result which would not have taken place without the act . . ." <u>Ornella v. Robertson</u>, 237 N.E.2d 140, 144 (Ohio 1968).  Generally, the determination of proximate cause is one left to the jury. <u>Id</u>.  However, "where reasonable minds could not differ with respect to the matter because the circumstances clearly indicate an obvious cause and effect relationship" the Court make such a determiantion. <u>Id</u>.

The Court agrees with Plaintiffs that the issue of liability in this matter is clear.  According to Ohio Revised Code 4511.202, "[n]o person shall operate a motor vehicle . . . on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle." <u>Id</u>.  There is no dispute that U.S. Route 42 is a street or highway open to the public for vehicular traffic (doc. 27).  Kissee thus owed a duty to Sanders to operate the Army truck in a safe manner while

operating the truck on U.S. Route 42.  This duty was breached when Kissee lost control of the truck, crossing over the center line of U.S. Route 42 and crashing into Sanders' vehicle.  The Court finds that Kissee did indeed proximately cause, through his negligent handling of the Army truck, Plaintiffs' injuries.  In fact, as noted above, the Government does not dispute this conclusion.  No genuine issues of material fact exist as to the Government's liability.

As such, the Court GRANTS Plaintiffs' Motion for Summary Judgment as to liability (doc. 27).  What remains to be determined in this matter is the amount of compensatory damages, including costs, to be awarded to Plaintiffs.  The Government disputes the extent and degree of the damages sustained by the Plaintiffs, including allegations of head trauma/traumatic brain injury to Sanders as well as other alleged damages (doc. 34).  This matter will proceed as indicated in the Court's earlier Scheduling Order (doc. 25).


SO ORDERED.


Dated: October 19, 2005        /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge