```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

EDDIE S. SANDERS. et al.,           :
                                    :   NO. 1:04-CV-00022
        Plaintiffs,                 :
                                    :   **OPINION AND ORDER**
                                    :
    v.                              :
                                    :
                                    :
UNITED STATES OF AMERICA            :
                                    :
        Defendant.                  :

This matter is before the Court on the Motion of Choicecare HMO to Intervene as a Party Plaintiff Herein (doc. 44). No opposition has been filed against this Motion. On October 19, 2005, the Court issued an Order granting Plaintiffs' Motion for Summary Judgment on the Issue of Liability (doc. 37). The Court restates the facts below as recited in this earlier Order.

The facts of this case are uncontroverted. On May 11, 2002, Eddie S. Sanders (hereinafter "Sanders") was driving a 2002 Dodge Durango southbound on U.S. Route 42 in Warren County, Ohio (doc. 27). Sean O. Kissee (hereinafter "Kissee") was driving a U.S. Army truck and as Sanders approached the Columbia Road railroad crossing on U.S. Route 42 he was hit by the Army truck driven by Kissee (Id.). Kissee was acting within the course and scope of his duties as an employee of the U.S. Army (Id.). Kissee crossed the center line of the highway from the northbound land and collided with Sanders' vehicle (Id.). Ultimately, the Army truck

flipped over and landed on top of Sanders' vehicle and then struck a second vehicle (Id.). A third vehicle then collided with the Army truck (Id.).

Sanders' vehicle did not leave the southbound lane of travel on U.S. Route 42 (Id.). The police officer who compiled the accident report as well as several witnesses who provided statements maintained that Kissee caused the accident (Id.). The undisputed cause of the accident was Kissee's failure to control the Army truck which caused the truck to cross over the center line of U.S. Route 42, colliding with Sanders' truck (Id.). Kissee was cited by the Ohio State Highway Patrol for violating Ohio Revised Code § 4511.202 in that he failed to reasonably control the Army truck during its operation (Id.). Kissee was subsequently found guilty of said charge (Id.). An Army investigation also concluded that Kissee's mishandling of the truck was the cause of the accident (Id.). The Court notes that the Government in its Response does not dispute these facts (doc. 34).

Sanders has incurred medical and hospital expenses, of which ChoiceCare HMO (hereinafter "ChoiceCare") has paid $159,626.69 to date, as a result of injuries sustained in the accident (doc. 44). ChoiceCare, pursuant to the health maintenance contract existing between it and Sanders, has full subrogation rights and rights of recovery (Id.). ChoiceCare notes that the law in the Sixth Circuit is well-settled in that it has a right to

pursue a subrogation claim herein against the Defendant (Id.). The Court agrees.

The Sixth Circuit in Old Colony Ins. Co. v. United States, 168 F.2d 931 (6th Cir. 1948) handled a situation very similar to what is before the Court in the instant matter. In Old Colony, an army truck collided with an automobile causing damage to said automobile. Id. at 932. The driver of the automobile carried an insurance policy and in accordance with the terms of the insurance policy Old Colony paid for and on behalf of the driver damages sustained. Id. The Sixth Circuit found that Old Colony became subrogated to the rights of the driver against the United States and that the district court had "jurisdiction to hear, determine (and render judgment) on its claim." Id. (internal citations omitted).

As the claims of Plaintiffs in the instant matter and those of ChoiceCare have common questions of law and fact, the Court holds that ChoiceCare's joining this lawsuit will not create significant new issues of fact or law, nor cause a delay of the scheduled March 21, 2006 Bench Trial.[1] Furthermore, the Court finds well-taken ChoiceCare's assertion that no parties will be prejudiced by its intervention, and, indeed, that Sanders may be

---

[1] The Court notes that ChoiceCare's Complaint contains a jury demand (doc. 44). However, the Federal Tort Claim Act provides that the District Court not a jury will decide the matter. 28 U.S.C. § 2402 (1994).

-3-

prejudiced if ChoiceCare is not permitted to intervene, since there may be a question as to whether Sanders may offer testimony concerning medical payments paid by ChoiceCare in the absence of ChoiceCare's joining as an intervening plaintiff (doc. 44).

ChoiceCare's Motion to Intervene is hereby GRANTED (doc. 44). This matter is scheduled for a Settlement/Final Pre-Trial Conference on February 9, 2006 at 2:00 P.M. The Final Pre-Trial portion of this Conference remains scheduled for February 9, 2006 at 2:00 P.M. The Court notes that typically it does not conduct Settlement Conferences in matters in which it will serve as the trier of fact. However, the last time the Parties met before the Court, all agreed to this Court conducting a Settlement Conference. Now that ChoiceCare is an Intervening Plaintiff, the Court will only conduct a Settlement Conference if all Parties, including ChoiceCare, indicate at the upcoming Conference their desire for the Court to still do so.

SO ORDERED.

Dated: February 7, 2006        /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge